**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MICHAEL C. HESTER, | ) | NO. CV 10-7854-JVS(E) |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER DISMISSING |
| LEE BACA, SHERIFF'S DEPT., et al., | ) | COMPLAINT WITH LEAVE TO AMEND |
| Defendants. | ) | |

   For the reasons discussed below, the Complaint is dismissed with leave to amend. See 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

   Plaintiff brings this civil rights action pursuant to 42 U.S.C. section 1983 against Los Angeles County Sheriff Lee Baca, Sheriff's deputies Flores and Sparks, and "unknown Twin-Towers Clinic Nurses."[1]

---

[1] Although in the body of the Complaint Plaintiff does not identify Sheriff Baca as a Defendant, the caption of the Complaint does name Sheriff Baca as a Defendant.

Plaintiff sues all Defendants in their official capacities only. Plaintiff alleges that he underwent hip replacement surgery in 2001 (Complaint, p. 3). Plaintiff allegedly has a sixteen-inch rod in his left leg, seven-inch titanium plates in his skull, and titanium in his chin (id., p. 5). As a result of his hip surgery, Plaintiff allegedly required a lower bunk assignment (Complaint, p. 3). Plaintiff alleges that, while Plaintiff was confined at the Twin Towers Correctional Facility, unidentified nurses documented Plaintiff's hip surgery in the computers, but neglected to order Plaintiff a lower bunk assignment (id.). On April 22, 2009, Plaintiff reportedly was admitted to the Twin Towers "psych evaluation section" (id., p. 5). Defendants Sparks and Flores allegedly told Plaintiff that Plaintiff would receive a lower bunk when one was available (id.). According to Plaintiff, when a lower bunk became available, Defendant Sparks and Flores told Plaintiff they would make "no courtesy bed moves," and warned Plaintiff not to ask again or Plaintiff assertedly would suffer disciplinary action (id.). Plaintiff allegedly was forced to occupy a top bunk until December of 2009, when Plaintiff fell from his bunk (id.). Plaintiff allegedly suffered an injury to his left eye for which he had surgery (id.). "Due to general neglect," Plaintiff allegedly has lost 80 percent of the vision in his left eye (id.).

Plaintiff alleges that he complained to Defendants Flores and Sparks for nine months prior to the fall that, because of his hip surgery, Plaintiff assertedly required a lower bunk assignment (id., p. 3). The deputies allegedly had the opportunity "to correct this general negligence," but assertedly intentionally failed to do so (id.). Plaintiff also alleges that Defendant Sparks is African-

2

American and Defendant Flores is Latino, and that deputies "of other nationalities" "teach the African American deputies to disregard any request a inmate of color may make to benifit [sic] his current situation" (Complaint, p. 5).

Plaintiff also alleges that he underwent a tuberculosis test at the Twin Towers Clinic on April 22, 2009, the results of which were negative (id., p. 5). However, Plaintiff reportedly tested positive for tuberculosis at the Delano prison (id.).[2] Plaintiff alleges that, from December 21, 2009 to September 2010, Plaintiff assertedly was forced to take powerful tuberculosis medication which allegedly left Plaintiff nauseated for ten to twelve hours (id., p. 5). Plaintiff allegedly experiences frequent headaches "from T-B exposure," pain in his liver and stomach, and difficulty breathing "due to [Plaintiff's] lungs being exposed to T-B" (id., p. 6).

Plaintiff alleges his injuries resulted from an "intentional act of general negligence" (id.). Plaintiff seeks unspecified "equitable compensatory damage" (id.).

///
///
///

**DISCUSSION**

The official capacity claims against the individual Defendants must be construed as claims against the County. See Kentucky v.

---

[2] It is unclear when Plaintiff alleges he tested positive.

1  Graham, 473 U.S. 159, 165-66 (1985). Plaintiff may not sue the County
2  on a theory of respondeat superior, which is not a theory of liability
3  cognizable under 42 U.S.C. § 1983. Ashcroft v. Iqbal, 129 S. Ct.
4  1937, 1948 (2009); Polk County v. Dodson, 454 U.S. 312, 325 (1981);
5  Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002),
6  cert. denied, 537 U.S. 1106 (2003). A municipal entity may be held
7  liable only if the alleged wrongdoing was committed pursuant to a
8  municipal policy, custom or usage. See Board of County Commissioners
9  of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997);
10 Monell v. New York City Department of Social Services, 436 U.S. 658,
11 691 (1978). Plaintiff must allege facts, not conclusions, to support
12 his official capacity claims. See Ashcroft v. Iqbal, 129 S. Ct. at
13 1949. The Complaint contains no allegations supporting Plaintiff's
14 official capacity claims.

16     Although the Complaint alleges that Defendant Sparks and Flores
17 refused to assign Plaintiff to a top bunk, the Complaint also appears
18 to concern an asserted misdiagnosis of, or failure properly to treat,
19 Plaintiff's purported tuberculosis. However, Plaintiff does not
20 allege how the named Defendants were involved in the alleged
21 misdiagnosis or improper treatment of Plaintiff's tuberculosis. An
22 individual defendant is not liable on a civil rights claim unless the
23 facts establish the defendant's personal involvement in the
24 constitutional deprivation or a causal connection between the
25 defendant's wrongful conduct and the alleged constitutional
26 deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989);
27 Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). "[A]
28 plaintiff must plead that each Government-official defendant, through

4

1  the official's own individual actions, has violated the Constitution."
2  Ashcroft v. Iqbal, 129 S. Ct. at 1948; see also Barren v. Harrington,
3  152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154
4  (1999) ("A plaintiff must allege facts, not simply conclusions, that
5  show that an individual was personally involved in the deprivation of
6  his civil rights.").

8      Plaintiff may not sue Sheriff Baca or any other supervisor
9  pursuant to 42 U.S.C. section 1983 on a theory of respondeat superior.
10 See Ashcroft v. Iqbal, 129 S. Ct. at 1948 ("Government officials may
11 not be held liable for the unconstitutional conduct of their
12 subordinates on a theory of respondeat superior"); Polk County v.
13 Dodson, 454 U.S. 312, 325 (1981). A supervisor "is only liable for
14 his or her own misconduct," and is not "accountable for the misdeeds
15 of [his or her] agents." Ashcroft v. Iqbal, 129 S. Ct. at 1948-49.
16 Mere knowledge of a subordinate's alleged misconduct is insufficient.
17 Id. at 1949.

19     It appears that Plaintiff was a jail detainee at the time of the
20 alleged incident. The Eighth Amendment's prohibition against cruel
21 and unusual punishment applies only after conviction. Pierce v.
22 Multnomah County, Oregon, 76 F.3d 1032, 1042 (9th Cir.), cert. denied,
23 519 U.S. 1006 (1996). However, the same standards apply to pretrial
24 detainees under the Due Process Clause. See Simmons v. Navajo County,
25 Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010); Lolli v. County of Orange,
26 351 F.3d 410, 418-19 (9th Cir. 2003). Jail officials can violate the
27 constitution if they are "deliberately indifferent" to an inmate's
28 serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 834

5

1 (1994) (Eighth Amendment); Estelle v. Gamble, 429 U.S. 97, 104 (1976)
2 (same); Simmons v. Navajo County, Ariz., 609 F.3d at 1017 (Due Process
3 standard). To be liable for "deliberate indifference," a jail
4 official must "both be aware of facts from which the inference could
5 be drawn that a substantial risk of serious harm exists, and he must
6 also draw the inference." Farmer v. Brennan, 511 U.S. at 837; Simmons
7 v. Navajo County, Ariz., 609 F.3d at 1017-18. "[A]n official's
8 failure to alleviate a significant risk that he should have perceived
9 but did not, while no cause for commendation, cannot . . . be
10 condemned as the infliction of punishment." Farmer v. Brennan, 511
11 U.S. at 838. Plaintiff's allegations of negligence do not suffice.
12 See Estelle v. Gamble, 429 U.S. at 105-06 ("Medical malpractice does
13 not become a constitutional violation merely because the victim is a
14 prisoner"); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en
15 banc). To the extent Plaintiff alleges that unidentified jail
16 personnel negligently failed to diagnose and treat Plaintiff's
17 purported tuberculosis, such allegations do not suffice to allege the
18 requisite deliberate indifference. See Farley v. Capot, 2010 WL
19 2545710, at *1 (9th Cir. June 21, 2010) (failure to diagnose source of
20 inmate's abdominal pain did not rise to the level of deliberate
21 indifference); Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 525
22 (9th Cir.), cert. denied, 528 U.S. 1003 (1999) (failure to diagnose
23 arrestee's broken ribs constituted at best negligence, not deliberate
24 indifference).

26 "'Prisoners are protected under the Equal Protection Clause . . .
27 from invidious discrimination based on race.'" Serrano v. Francis,
28 345 F.3d 1071, 1081-82 (9th Cir. 2003), cert. denied, 543 U.S. 825

6

(2004) (quoting Wolff v. McDonnell, 418 U.S. 539, 554 (1974)). However, Plaintiff must allege that Defendants acted with the intent or purpose to discriminate against Plaintiff on account of race. Serrano v. Francis, 345 F.3d at 1082. Plaintiff's vague allegations that unidentified deputies purportedly teach unidentified African-American deputies to engage in race discrimination do not suffice to state an Equal Protection claim. See Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (conclusory allegations insufficient to state claim for relief).

**ORDER**

The Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint. The First Amended Complaint shall be complete in itself. It shall not refer in any manner to any prior complaint. Plaintiff may not add Defendants without leave of court. See Fed. R. Civ. P. 21. Failure to file timely a First Amended Complaint in conformity with this Memorandum and Order may result in the dismissal of this action. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had

afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive problems with his claims); Plumeau v. School District #40, County of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

IT IS SO ORDERED.

DATED: November 3, 2010

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

PRESENTED this 1st day of
November, 2010, by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

8