**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MICHAEL C. HESTER, | ) | NO. CV 10-7854-JVS(E) |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER DISMISSING |
| LEE BACA, SHERIFF'S DEPT., et al., | ) | FIRST AMENDED COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| Defendants. | ) | |

    For the reasons discussed below, the First Amended Complaint is dismissed with leave to amend. See 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

    Plaintiff filed this civil rights action for damages pursuant to 42 U.S.C. section 1983 on October 27, 2010. The original Complaint named as Defendants Los Angeles County Sheriff Lee Baca, Sheriff's deputies Flores and Sparks, and "unknown Twin-Towers Clinic Nurses," all sued in their official capacities only. The original Complaint

alleged that Defendants Sparks and Flores exhibited deliberate indifference to Plaintiff's asserted need for a lower bunk assignment due to Plaintiff's alleged hip condition. The Complaint alleged that Plaintiff suffered a fall from his bunk which caused a permanent loss of 80 percent of the vision in his left eye. The original Complaint also alleged that Plaintiff was forced to take tuberculosis medication which assertedly caused serious side effects.

On November 3, 2010, the Court issued a Memorandum and Order dismissing the Complaint with leave to amend. On November 17, 2010, Plaintiff filed a "[First] Amended Complaint."

The First Amended Complaint names deputies Sparks and Flores as Defendants, in their individual and official capacities.[1] Plaintiff again alleges that Defendants Sparks and Flores exhibited deliberate indifference to Plaintiff's asserted need for a lower bunk assignment, and seeks unspecified compensatory damages.

**DISCUSSION**

As the Court previously advised Plaintiff, the official capacity claims against Defendants must be construed as claims against the

---

[1] Plaintiff's failure to name in the First Amended Complaint Defendants previously named in earlier pleadings is deemed to constitute Plaintiff's abandonment of those prior claims against the previously named Defendants. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

County.  See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).
Plaintiff may not sue the County on a theory of respondeat superior,
which is not a theory of liability cognizable under 42 U.S.C. section
1983.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009); Polk County v.
Dodson, 454 U.S. 312, 325 (1981); Gibson v. County of Washoe, Nev.,
290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106
(2003).  A municipal entity may be held liable only if the alleged
wrongdoing was committed pursuant to a municipal policy, custom or
usage.  See Board of County Commissioners of Bryan County, Oklahoma v.
Brown, 520 U.S. 397, 402-04 (1997); Monell v. New York City Department
of Social Services, 436 U.S. 658, 691 (1978).  Plaintiff must allege
facts, not conclusions, to support his official capacity claims.  See
Ashcroft v. Iqbal, 129 S. Ct. at 1949.  Like its predecessor, the
First Amended Complaint contains no allegations supporting Plaintiff's
official capacity claims.

**ORDER**

The First Amended Complaint is dismissed with leave to amend.  If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a Second Amended Complaint.  The Second Amended Complaint shall be complete in itself.  It shall not refer in any manner to any prior complaint. Plaintiff may not add Defendants without leave of Court.  See Fed. R. Civ. P. 21.  Failure to file timely a Second Amended Complaint in conformity with this Memorandum and Order may result in the dismissal of this action.  See Paqtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss

1 | action for failure to follow court order); Simon v. Value Behavioral
2 | Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428
3 | (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on
4 | other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert.
5 | denied, 552 U.S. 985 (2007) (affirming dismissal without leave to
6 | amend where plaintiff failed to correct deficiencies in complaint,
7 | where court had afforded plaintiff opportunities to do so, and where
8 | court had given plaintiff notice of the substantive problems with his
9 | claims); Plumeau v. School District #40, County of Yamhill, 130 F.3d
10 | 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where
11 | further amendment would be futile).

13 | IT IS SO ORDERED.

15 | DATED: November 23, 2010.

_____
            JAMES V. SELNA
     UNITED STATES DISTRICT JUDGE

23 | PRESENTED this 19th day of
24 | November, 2010, by:

_____/S/_____
       CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

4